STATE on complaint of FARRELL VS. CONKLIN.

QUO WARRANTO. *Motion for judgment of ouster, for frivolousness of answer, will not be granted by a single justice of supreme court.*

1. Whether, in an action pending in this court, a motion for judgment against the defendant for the frivolousness of his answer can in any case be made before *all the justices* of the court, *at chambers*, is not here decided.
2. The power to "hear and determine" the writ of *quo warranto* is vested by the constitution (art. vii, sec. 3) in the supreme *court*, and cannot be vested by statute in a justice thereof at chambers.
3. In *quo warranto*, commenced in this court to try the right of defendant to an office, a motion for judgment of ouster against the defendant, on the ground that his answer is frivolous, will not be granted by one of the justices of the court; especially as there is no provision of law by which such judgment could be reviewed by the court.

DIXON, C. J. This is an action of *quo warranto*, instituted under the provisions of section 6, ch. 160, R. S. (2 Tay. Stats. 1809, § 10). It is brought in this court by the attorney general in the name of the state, upon the complaint of *William Farrell* against the defendant. The complaint charges that the defendant has usurped, and unlawfully holds and exercises, the office of treasurer of the St. Raphael's Benevolent Society of the city of Madison, a corporation created by the laws of this state. P. & L. Laws of 1870, ch. 157. In addition to the cause of action so stated, the complaint also sets forth that the complainant, *William Farrell*, is

the person rightfully entitled to the office; and contains a statement of his right thereto. The answer denies each and every allegation of the complaint, except as therein admitted. It admits the organization and existence of the corporation, and that its powers and purposes are as stated in the complaint. It admits the adoption of the constitution, and making of the by-laws of the corporation, as therein stated, and that the defendant holds and exercises the office of treasurer; but denies that he does so unlawfully, or without due authority and warrant of law. It asserts that the defendant was duly elected to the office on the first Sunday in July, 1873, that being the day fixed by the constitution and by-laws for the annual election of officers; and denies that the complainant *Farrell* was duly and properly elected to the same office on the same day, as averred in the complaint. The particulars of the defendant's alleged election to the office are stated in the answer, and it is out of those statements that the present motion has arisen. It is claimed for the complainant that it conclusively appears from those statements, when compared with the constitution and by-laws of the corporation and their requirements, that the defendant's assertion of his election to the office and right to hold the same is wholly unfounded and frivolous. This claim is based upon a construction put upon the constitution and by-laws by counsel for the complainant, which, as they contend, fixed the *hour* of the day for the holding of the annual meeting for the election of officers; at which hour it appears that the meeting by which the defendant claims to have been elected was *not* held. The motion, which was brought on before me at chambers, on the 24th day of October, is for judgment of ouster and dispossession of the defendant from the office, on the ground of the frivolousness of his answer in the respects above shown, a more detailed statement of which has become unnecessary in the view I have found myself compelled to take of the motion.

It occurred to me at the argument, and the suggestion was made to counsel, whether the motion was proper at all in a

case of this kind pending in this court, or, if it was, whether it could be made and heard before a single justice of this court, or ought not to be made before all the justices at chambers. The language of the statute authorizing the motion (R. S., ch. 132, sec. 28; 2 Tay. Stats., 1503, § 35) seems to indicate that the proceeding is one of intended application only to actions in the circuit and county or other courts of general original jurisdiction, and not to actions commenced and pending in this court. Such seems to be the intent of the statute as derived from the language used and the connection in which we find it to have been enacted. But, without deciding that a motion of the kind cannot be made in an action pending in this court, before all the justices at chambers (for it is possible that in some cases it may), I think it very clear that no such motion can be entertained by a single justice in this action of *quo warranto*. The " power to hear and determine the same " is vested by the constitution in the court; and any act of the legislature which should attempt to transfer it to a single justice of the court, or to substitute his determination and judgment for the determination and judgment of the court, would necessarily violate that instrument, and be of no effect. Const., art. VII, sec. 3. And this is what the statute authorizing the rendition of judgment for frivolousness would do, if the same were held applicable to proceedings in the action in this court. The judgment given thereon would, according to the statute, become the judgment of the court, with no means provided for a review by the court in bank, or process or practice prescribed to vacate or correct it in case it was erroneous. From the judgment rendered for frivolousness by the circuit or county judge, the party conceiving himself aggrieved has his remedy by appeal to this court. It is a final judgment, from which an appeal lies, as has been the constant practice. But the party whose pleading should be thus condemned by order of a single justice of this court, would have no such remedy, nor, so far as I can see, any other equally adequate or safe one. The

titles to the highest and most important offices within the gift of the people of the state are triable before this court in this form of action.　It is not many years since that the office of governor of the state was thus in controversy, and the incumbent and person discharging the duties and claiming the right to hold the office by virtue of an election by the people, was ousted by the judgment of this court.　Would it be tolerated that judgment of ouster should be entered in such a case on the order of a single justice of this court, made at chambers, upon the frivolousness of the answer?　I think not.　I think the constitution clearly forbids it, and that the legislature never so intended.　For these reasons I am of opinion that the motion must be denied.　These views are fully sustained by the case of *United States ex rel. v. Lockwood*, 1 Pin. Wis. R., 359.

For the sake of making whatever views were expressed upon this motion authoritative, I have, with the consent of counsel, laid the question before my brethren, and they have given it the same examination as myself.　I am authorized by them to say that they concur with me that the motion should be denied, and for the reasons above stated.

I understood at the time of the argument, that counsel on both sides desired that an opinion should be given upon the construction of the by-law, as to whether it fixed the hour for holding the annual meeting, and also whether the by-law could in this particular be controlled by the usage set up in the answer.　In conversation with one of the counsel for the defendant, I have learned that I was mistaken in this, and that the defendant's counsel do not desire or consent to such expression of opinion.　It would be but *obiter dictum* at best, which it is generally best to avoid, and which under the present peculiar circumstances certainly must be avoided. The views orally expressed, when it was supposed that these questions were to be considered, must go for what they are worth, until such time as it shall become necessary to consider them, if that time ever comes.

Motion denied.